UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-23069-CIV-COOKE/BANDSTRA

LEXINGTON INSURANCE COMPANY, *et al.*,

    *Plaintiff*s,

v.

MORROW EQUIPMENT COMPANY, LLC, LC,

    *Defendant.*
_____/

MORROW EQUIPMENT COMPANY, LLC, LC,

    *Third Party Plaintiff*,

v.

BAY ERECTORS AND RIGGING, INC.,
FORMWORKS, INC., *et al.*,

    *Third Party Defendants*.
_____/

## ORDER DENYING THIRD PARTY DEFENDANT'S MOTION TO DISMISS THIRD PARTY COMPLAINT

This matter is before me on Third Party Defendant's Motion to Dismiss Third Party Complaint [D.E. 37], Third Party Plaintiff's Response in Opposition [D.E. 48] and Third Party Defendant's Reply thereto [D.E. 59]. I am denying the Motion.

### *I. BACKGROUND*

On November 19, 2004, Defendant/Third Party Plaintiff, Morrow Equipment Company, LLC, LC ("Morrow"), entered into an agreement to lease two cranes to Third Party Defendant, Formworks, Inc. ("Formworks"). One of those cranes was used during the construction of a

building on property owned by Plaintiff, TW/Beach Residences-Hollywood, LLC ("TW"). The crane collapsed during Hurricane Wilma on October 24, 2005, resulting in damages to TW's property. TW's property was insured by Lexington Insurance Company ("Lexington") at the time of the accident. TW and Lexington, as TW's subrogee, filed a negligence cause of action against Morrow in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Morrow filed a Notice of Removal in this Court based on diversity of citizenship to remove the underlying action on October 31, 2008.

Morrow filed its Third Party Complaint on April 4, 2009. [D.E. 14]. Morrow's Third Party Complaint denied any negligence, fault or liability for the damages caused by the crane that collapsed on TW's property. Morrow alleges that Formworks agreed to indemnify Morrow from the claims being brought by Plaintiffs in the underlying action. *Id.* at ¶ 15. The lease agreement between Formworks and Morrow contains an Indemnity Clause which states, in relevant part:

> Lessee shall defend, indemnify and hold Morrow harmless from any and all liability arising out of the possession, uses, operation, maintenance, erection, dismantling, loading, delivery, return of equipment and/or any other action or failure to act by the Lessee, its agents or employees, or for any other reason whatsoever unless caused by Morrow's sole fault.

*Id.* at ¶ 9. The lease agreement contains an Insurance Clause directly below the Indemnity Clause which states, in relevant part: "Lessee shall carry public liability insurance including contractual liability with limits of not less than: $5,000,000 for bodily injury (including death) per occurrence, and $5,000,000 for property damage." *Id.*

## II. LEGAL STANDARD

In a Rule 12(b)(6) motion to dismiss, "the pleadings are construed broadly," *Levine v.*

*World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the Plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998).  Nonetheless, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555–556.  To survive a motion to dismiss, a complaint must plead enough factual matter, that, if taken as true, suggests that the elements of the cause of action will be met. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007).  Thus, the well-pleaded factual allegations must be taken as true, and the alleged facts must suggest the required elements of the causes of action on which Plaintiff can recover.

### III. ANALYSIS

**A. Contractual Indemnification (Count II) & Breach of Contract (Count IV)**

Formworks argues that Count II and IV should be dismissed because the indemnification provisions in the lease agreement are not valid under Fla. Stat. § 725.06 (2001).  I disagree.  Fla. Stat. § 725.06(1) (2001) provides, in relevant part:

> Any portion of any agreement or contract for or in connection with . . . any construction . . . of a building . . . between an owner of real property and an architect, engineer, general contractor, subcontractor, sub-subcontractor, or materialman or any combination thereof wherein any party referred to herein promises to indemnify or hold harmless the other party to the agreement . . . for liability for damages to persons or property caused in whole or in part by any act, omission, or default of the indemnitee arising from the contract or its performance, shall be void and unenforceable unless the contract contains a monetary limitation on the extent of the indemnification that bears a reasonable commercial relationship to the contract and is

3

> part of the project specifications or bid documents, if any. Notwithstanding the foregoing, the monetary limitation on the extent of the indemnification provided to the owner of real property by any party in privy of contract with such owner shall not be less than $1 million per occurrence, unless otherwise agreed by the parties.

Relying on *A-T-O, Inc. v. Garcia*, 374 So.2d 533 (Fla. 3d DCA 1979), Formworks argues that the Indemnity Clause is void because that provision fails to contain the required monetary limitation on the extent of the indemnity. However, Formworks' reliance on *A-T-O* is misplaced. *A-T-O* simply held that, in order to be valid under § 725.06, an indemnity agreement related to a construction contract must contain a monetary limitation on the extent of the indemnification.[1] The court in *A-T-O* did not hold that the indemnity clause itself must contain the required monetary limitation. Formworks cites no authority for such a strict reading of § 725.06 and I will not endorse one in light of the statutory language.

    The plain language of § 725.06 simply requires that the *contract*, not the indemnity provision itself, contain a monetary limitation on the extent of the indemnification and that the limitation be at least $1 million or more per occurrence. In the instant case, the lease agreement supplied the requisite monetary limitation. The Insurance Clause required Formworks to carry public liability insurance with limits not less than $5 million per occurrence for property damages. Therefore, under the terms of the lease agreement, Formworks was insured to cover property damage incurred by Plaintiffs to an extent greater than required by § 725.06. As a result, I find that the indemnity agreement between the parties complies with the requirements of § 725.06.

---

[1] In *A-T-O*, the court interpreted a previous version of § 725.06. However, the current version of § 725.06 also requires a monetary limitation on the extent of the indemnification. It follows that the holding in *A-T-O* applies to the current version of § 725.06.

4

Alternatively, Formworks argues that Counts II and IV of Morrow's Complaint should be dismissed because the Indemnity Clause is ambiguous.  Again, I disagree. Specifically, Formworks argues that the Indemnity Clause is ambiguous because it does not address the possibility of joint negligence on the part of Morrow.  However, Formworks' argument disregards the clear meaning and intent of the Indemnity Clause.  The Indemnity Clause obligates Formworks to indemnify Morrow from liability unless the damages in question were "caused by Morrow's sole fault." [D.E. 14 at ¶ 9].  In its Complaint, Morrow denies any negligence, fault or liability for the damages alleged by Plaintiffs.  For purposes of the instant Motion, I must accept this as true.  If Morrow is not solely at fault, then there are two possibilities: (1) Morrow is not liable at all and Formworks is completely liable; or (2) Morrow is partially at fault and the parties are jointly liable. In either case, the language of the Indemnity Clause requires Formworks to indemnify Morrow. Accordingly, I find that Morrow has stated sufficient facts in Counts II and IV of its Complaint to survive Formworks' Motion to Dismiss.

**B. Contribution (Count VI)**

Formworks also seeks to dismiss Count VI of Morrow's Complaint. Formworks argues that Morrow's contribution claim is premature because Morrow has not yet paid its pro rata share of the obligation. I disagree because under Florida law, "a claim for contribution can be brought as a cross-claim or a third party claim, on a contingent basis, prior to the payment." *Attorneys' Ins. Fund, Inc. v. Punta Gorda Isles, Inc.*, 547 So.2d 1250, 1251 (Fla. 2d DCA 1989); *see also Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 429 F.Supp.2d 1274, 1289 (M.D. Fla. 2005) ("Florida decisions hold that contingent claims of . . . contribution can be asserted prior to making payment").  Therefore, I am denying Formworks' Motion as to Count VI.

**C. Common Law Indemnification (Count IX)**

Formworks' Motion offers no specific legal analysis as to why Morrow's common law indemnification claim should be dismissed. As a result, I am denying Formworks' Motion as to Count IX.

### III. CONCLUSION

Accordingly, Third Party Defendant Formworks' Motion to Dismiss Third Party Complaint [D.E. 37] is **DENIED**. Formworks' Request for Oral Argument [D.E. 49] is also denied.

**DONE AND ORDERED** in Chambers, Miami, Florida this 15th day of March 2010.

cc:

The Honorable Ted E. Bandstra

All counsel of record