UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-23069-CIV-COOKE/TURNOFF

LEXINGTON INSURANCE COMPANY, *et al.*,

    Plaintiffs

vs.

MORROW EQUIPMENT COMPANY, LLC, LC,

    Defendant/Third-Party Plaintiff

vs.

BAY ERECTORS AND RIGGING, INC., *et al.*,

    Third-Party Defendants.

_____/

## ORDER GRANTING THIRD-PARTY PLAINTIFF'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS CASE is before me on Third-Party Plaintiff Morrow Equipment Company, LLC, LC's ("Morrow") Motion for Partial Summary Judgment Declaring Liability for Indemnity (ECF No. 133), Third-Party Defendant Formworks, Inc.'s ("Formworks") Response in Opposition (ECF No. 135), and Morrow's Reply thereto (ECF No. 149). I have reviewed the record, the arguments and the relevant legal authorities. For the reasons explained below, partial summary judgment is granted in favor of Morrow.

### Background

The following facts are not in dispute. On November 19, 2004, Morrow entered into a contract with Formworks for the rental, erection, operation, and dismantling of two cranes to be operated at a construction building site owned by TW/Beach Residences Hollywood, LLC

("TW/Beach"). The cranes were erected by Bay Erectors and Rigging, Inc. ("Bay Erectors") and structurally secured to the building pursuant to CHM Structural Engineers, LLC's ("CHM") drawing, design and approval. On October 25, 2005, the crane collapsed during Hurricane Wilma, resulting in damage to TW/Beach's property. At the time of the incident, TW/Beach was insured by Lexington Insurance Company ("Lexington"). TW/Beach and Lexington, as TW/Beach's subrogee, filed a negligence cause of action against Morrow in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. On October 31, 2008, Morrow removed the action to this Court based on diversity of citizenship. (ECF No. 1)

On April 6, 2009, Morrow filed a third-party complaint against Bay Erectors, CHM and Formworks. (ECF No. 14). The third-party complaint denies any negligence, fault of liability for the damages caused by crane's collapse on TW/Beach's property, seeks indemnification and contribution from Bay Erectors, CHM and Formworks, and alleges that Bay Erectors and Formworks breached their respective contractual agreements with Morrow. (*Id.*) On or about April 25, 2011, Morrow settled its claims against Bay Erectors. On or about June 21, 2011, Morrow settled its claims against TW/Beach, Lexington and CHM. Pursuant to the terms of both settlement agreements, Morrow has agreed to indemnify and hold harmless Bay Erectors and CHM against any and all claims made by Formworks.

**Legal Standard**

A court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the initial burden to show the district court, by reference to the materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving

2

party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(c) requires the parties to go beyond the pleadings and establish the absence or presence of a material fact by reference to depositions, affidavits, answers to interrogatories or admissions on file. Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but … must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## Discussion

Morrow alleges that Formworks is obligated to indemnify it from the claims asserted by TW/Beach and Lexington. The lease agreement between Morrow and Formworks contains an indemnity clause, which states in relevant part:

> Lessee shall defend, indemnify and hold Morrow harmless from any and all liability arising out the possession, uses, operation, maintenance, erection, dismantling, loading, delivery, return of equipment and/or any other action or failure to act by the Lessee, its agents or employees, or for any other reason whatsoever unless caused by Morrow's sole fault.

(*Equipment Lease Agreement*, ECF No. 14-2).

Formworks admits that "a valid and enforceable contract existed between Morrow and Formworks, subject to the terms, provisions, definitions, conditions, exclusions and endorsements of that contract." (*Answer, Affirmative Defenses and Demand for Jury Trial* ¶ 22, ECF No. 99). Formworks, however, contends that the indemnification clause is ambiguous because it does not clearly require indemnification by Formworks for any and all "joint negligence" on the part of Morrow, Bay Erectors and CHM. (*Resp. to Mot. for Partial Summ. J.*

3

¶ 8, ECF No. 135). As such, Formworks argues that this ambiguity precludes the entry of summary judgment in favor of Morrow. I disagree, as I have already rejected the arguments advanced by Formworks in the March 16, 2010 Order Denying Formwork's Motion to Dismiss. (ECF No. 91). In that Order, I found that the indemnity clause was unambiguous and "obligates Formworks to indemnify Morrow from liability unless the damages in question were 'caused by Morrow's sole fault.'" (*Id.* at 5).[1]  Specifically, I held that "[i]f Morrow is not solely at fault, then there are two possibilities: (1) Morrow is not liable at all and Formworks is completely liable; or (2) Morrow is partially at fault and the parties are jointly liable. In either case, the language of the Indemnity Clause requires Formworks to indemnify Morrow." (*Id.*). The underlying dispute between TW/Beach, Lexington and Morrow has settled. Morrow has contractually agreed to indemnify, hold harmless, and release Bay Erectors and CHM from and present and future claims. There is no issue of material fact as to Formworks' obligation to indemnify Morrow.

## Conclusion

Accordingly, Morrow's Motion for Partial Summary Judgment (ECF No. 133) is **GRANTED**. This case shall proceed to trial on Morrow's remaining claims that Formworks is liable for common law indemnification and that it is entitled to contribution from Formworks for

---

[1] Morrow's Motion for Partial Summary Judgment erroneously states that Magistrate Judge Ted E. Bandstra entered the Order Denying Formwork's Motion to Dismiss. In response, Formwork disingenuously contends that "[b]ecause the Order on the Motion to Dismiss was not entered by Magistrate Judge Bandstra, all the argument [sic] presented by Morrow … that Formworks has waived the ability to challenge any findings made in the Order are without merit." (*Resp. to Mot. for Partial Summ. J.*, ¶ 8, ECF No. 135). Formworks not only fails to afford Morrow the civility of recognizing the scriveners' error, but also fails to recognize that it has indeed waived its ability to challenge the Order. In form, Formworks' Response to the Motion for Summary Judgment is nothing more than a motion for reconsideration. A motion to reconsider a court order "must be made within a reasonable time" and "no more than a year after entry" of the order. Fed. R. Civ. P. 60(c)(1).

its alleged proportionate share of any fault attributed to it pursuant to Fla. Stat. § 768.31. Morrow is ordered to file an amended complaint to comport with the evidence and legal arguments anticipated to be presented at trial by July 13, 2011.

**DONE and ORDERED** in chambers at Miami, Florida this 8th day of July 2011.

MARCIA G. COOKE
United States District Judge